**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES RAY PHIPPS, 25807-001, | ) | |
| Petitioner, | ) | |
| v. | ) | **3:10-CV-2038-M** |
| | ) | **3:06-CR-114-M** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I.  Procedural Background

Petitioner challenges his conviction for mail and wire fraud and aiding and abetting in

violation of 18 U.S.C. §§ 1341, 1343 and 2; corrupt endeavoring to obstruct and impede the

internal revenue laws in violation of 26 U.S.C. § 7212(a); and income tax evasion in violation of

26 U.S.C. § 7201.  On November 10, 2008, he was sentenced to 210 months imprisonment, three

years supervised release, and ordered to pay $1,402,466 in restitution.  On January 25, 2010, the

Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  *United States v.*

*Phipps*, 595 F.3d 243 (5th Cir. 2010).  On May 24, 2010, the Supreme Court denied Petitioner's

petition for writ of certiorari.  *Phipps v. United States*, 130 S.Ct. 336 (2010).

On October 7, 2010, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. §

2255.  He argues:

1.      He received ineffective assistance of trial counsel;

2.      His conviction violated the Speedy Trial Act;

3.      The trial court lacked jurisdiction;

4.      His conviction violated the Privacy Act;

5.      His conviction violated the Equal Protection Clause;

6.      The statutes applied to his case are unconstitutional;

7.      He received ineffective assistance of appellate counsel;

8.      His conviction constituted cruel and unusual punishment;

9.      The evidence was insufficient to support the conviction;

10.     His conviction was the result of an unlawful search and seizure

11.     His conviction was unlawful under *United States v. Santos*, 553 U.S. 507 (2008).

On January 18, 2011, Respondent filed its answer.  On February 17, 2011, Petitioner filed a reply.  On February 15, 2012, Petitioner filed a supplemental claim.  The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal.

> For over twenty years, Phipps has operated self-styled "educational programs dedicated to teaching others how to eliminate their debt and live within their means." Despite notice from the United States Postal Service ("USPS") that both of his prior, similarly structured endeavors were considered illegal pyramid schemes, Phipps created the instant program, Life Without Debt ("LWD").  Members were encouraged to contribute between $2,000 and $100,000; Phipps claimed that a larger contribution would engender larger returns.  As with prior schemes, members were required to recruit two new members prior to receiving any payments; they also received educational literature and tapes with anti-income tax messages.  Notably, Phipps told participants that the income received through LWD would not need to be reported to the IRS.  Phipps himself

did not report any of his LWD income to the IRS.

During his ten years of operating LWD, Phipps received notices from the states of Georgia, Oklahoma, and Maryland that LWD constituted a pyramid scheme, and he may be subject to civil or criminal enforcement actions as a result.  Indeed, six LWD members were arrested in Florida for felony and misdemeanor promotion of and participation in an illegal lottery.  Despite these warnings that his activities might be illegal, Phipps continued to recruit new members through mass mailings, teleconference calls, and seminars in major cities.  Phipps sent periodic small payments to members to encourage them to remain in the program, recruit new members, or reinvest in larger payment plans.  Though Phipps marketed LWD as a compound-leveraging investment program that would generate large sums of money for its investors, less than nine percent of LWD's approximately 31,000 participants made a net profit above their initial investment.  Phipps "earned" $4,606,396 from LWD, $1,381,683 of which was "participation income," and $3,224,782 of which he paid to himself under aliases within the scheme.

*United States v. Phipps*, 595 F.3d 243, 244-45.

**III.  Discussion**

**1.     Procedural Bar**

**(A)     Failed to raise on direct review**

Petitioner argues his conviction is unlawful because his speedy trial rights were violated, evidence was unlawfully seized, his equal protection rights were violated, the trial court lacked jurisdiction, his conviction and sentence constitute cruel and unusual punishment and his conviction violated the Supreme Court's *Santos* decision.

Petitioner failed to raise these claims on direct appeal.   When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).  In this case, Petitioner has failed to show cause why he did not raise

these claims on direct appeal.  Additionally he has failed to show that he is actually innocent.

These claims are therefore procedurally barred.

> **(B)      Claims rejected on direct review**

Petitioner argues the evidence is insufficient to support the conviction and the conviction

violates his First Amendment rights.

Petitioner raised these claims on direct appeal.  The claims were considered on the merits

by the Fifth Circuit and rejected.  Petitioner cannot relitigate these claims in this § 2255 petition.

*See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d

506, 508 (5th Cir. 1986).  Additionally, a claim of insufficiency of the evidence cannot be raised

on collateral review.  *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972).  These claims

should be denied.

## 2.      Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of

hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**A.     Bail**

Petitioner argues the government wrongly denied him bail when he was incarcerated in Alabama, prior to his transfer to Texas. Petitioner makes no statement as to how his counsel was ineffective. This claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**B.     Motions**

Petitioner claims his trial counsel was ineffective because his counsel failed to file motions: (1) challenging jurisdiction; (2) to suppress evidence; (3) to dismiss for failure to prosecute; (4) to dismiss based on a violation of the Bail Reform Act; (5) to dismiss based on a violation of the Voter's Rights Act; (6) to dismiss under the Speedy Trial Act; and (7) failed to challenge the government's case.

**(i)     Jurisdiction**

Petitioner claims the trial court lacked jurisdiction under the Tenth Amendment because powers not delegated to the federal government are reserved to the states or to the people. Petitioner was convicted under federal statutes in federal court. His counsel was not required to file a frivolous motion to dismiss based on the Tenth Amendment. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Page 5

(ii)     **Other Motions**

Petitioner claims his counsel was ineffective for failing to challenge the government's case and failing to file numerous motions, including a motion to suppress evidence, and a motion to dismiss.  The record shows, however, that defense counsel filed a motion to suppress, motions for discovery, motion to release Petitioner on bond, motion for a new trial or acquittal, objections to the government's notice of intent to offer evidence regarding alleged similar crimes and acts, and objections to the jury charge.  Defense counsel actively cross-examined the government's witnesses and called witness on behalf of the defense.  Additionally, defense counsel successfully argued that money laundering counts should be dismissed based on the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008).  Petitioner's claim that his counsel was ineffective for failing to file motions or challenge the government's case is without merit.

Further, Petitioner claims his counsel was ineffective for failing to file a motion to dismiss based on the Speedy Trial Act, the Voter's Rights Act and the Bail Reform Act.  As to the Speedy Trial Act, defense counsel waived claims under this Act and filed motions for extension of time so that he could have more time to prepare Petitioner's case.  Petitioner fails to explain any non-frivolous basis to file a motion to dismiss under the Speedy Trial Act. Petitioner further fails to explain any meritorious claim under the Bail Reform Act.  The record shows defense counsel successfully argued that Petitioner should be released on bond.  While on bond, Petitioner violated the terms of his release and his bond was revoked.  Finally, Petitioner's claim that his counsel should have filed a motion to dismiss based on the Voter's Rights Act is simply frivolous.  Petitioner's claims should be denied.

Page 6

### C.      Appellate Counsel

Petitioner argues appellate counsel was ineffective because he failed to raise "adequate issues" on appeal.  He argues appellate counsel should have argued that his conviction violated the First Amendment and the Supreme Court's *Santos* decision.  Appellate counsel did raise the First Amendment claim on direct appeal.  The Fifth Circuit determined the claim was "without merit."  Petitioner argues his conviction violated the *Santos* decision because the district court applied *Santos* in dismissing his money laundering claims, therefore there was no illegal transfer of money and he should have been acquitted of mail fraud, wire fraud and aiding and abetting.  This claim is frivolous.  *Santos* addressed the meaning of the term "proceeds" in the money laundering statute.  It did not render Petitioner's mail and wire fraud convictions void.

Additionally, Petitioner argues appellate counsel was ineffective because he failed to file a petition for writ of certiorari with the Supreme Court.  A defendant has no right to counsel when filing a petition for writ of certiorari with the Supreme Court.  *McAfee v. Thaler*, 630 F.3d 383, 393 (5th Cir. 2010).  Petitioner's claim should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 30th  day of April, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).